# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ANTHONY SANCHEZ, | CASE NO. 10CV1593 JLS (NLS) |
|---|---|
| Plaintiff, | **ORDER GRANTING LENDINGTREE, LLC'S MOTION TO DISMISS** |
| vs. | |
| LENDING TREE LLC, and DOES 1–20, | (Doc. No. 5.) |
| Defendants. | |

Presently before the Court is Defendant LendingTree, LLC's (Defendant or LendingTree) motion to dismiss for failure to state a claim. (Doc. No. 5.) Also before the court is Plaintiff's opposition to the motion to dismiss (Doc. No. 8) and Defendant's reply. (Doc. No. 9.) For the reasons stated below, the Court **GRANTS** Defendant's motion to dismiss.

## BACKGROUND

Plaintiff alleges that he was the owner of a home located at 3721 Herman Street, San Diego, CA, and that he contacted LendingTree to find "better options for refinancing his home." (Doc. No. 1 (Compl.) ¶ 5.) Plaintiff alleges that he provided LendingTree with his confidential information so that LendingTree could help him find the best loan providers. (*Id.* ¶ 10.) Instead of doing that, Plaintiff alleges that LendingTree "simply transferred his information to anyone who asked." (*Id.* ¶ 11.) Would be lenders allegedly made so many inquiries to his credit score that it dropped precipitously "from over 750 to the low 500's." (*Id.* ¶ 12.)

1   On March, 27, 2009, Plaintiff filed suit in San Diego Superior Court.  (No. 3:09-cv-01135,
2 Doc. No. 1.)  LendingTree removed that action to this Court and filed a motion to dismiss.  (*Id.*,
3 Doc. No. 3.)  The Court granted the motion to dismiss and dismissed Plaintiff's case without
4 prejudice.  (*Id.*, Doc. No. 6.)
5   Eight months later, Plaintiff refiled a substantially similar complaint in state court.
6 LendingTree again removed the action.  And it is that action that is presently before the Court.
7 Defendant filed its motion to dismiss on August 4, 2010, Plaintiff opposed on September 21, 2010,
8 and Defendant replied the next day.  The hearing set for the motion to dismiss was thereafter
9 vacated, and the matter was taken under submission on the papers.  (Doc. No. 10.)

10                                                          **LEGAL STANDARD**

11   Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that
12 the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a
13 motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and
14 sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain
15 statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not
16 require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-
17 defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, – US — , 129 S. Ct. 1937, 1949
18 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While the complaint need
19 not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his
20 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the
21 elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*,
22 478 U.S. 265, 286 (1986)).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid
23 of 'further factual enhancement.'"  *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).
24   "To survive a motion to dismiss, a complaint must contain sufficient factual matter,
25 accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* at 1949 (quoting
26 *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when
27 the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the
28 misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  That is not to say that the claim must

be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This analysis requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 1950 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

## ANALYSIS

Plaintiff's complaint sets out three causes of action under state law: negligence (Compl. ¶¶ 16–22), fraud (Compl. ¶¶ 23–29), and breach of fiduciary duty. (Compl. ¶¶ 30–39.) As discussed below, none of these causes of action can survive Defendant's motion to dismiss.

**I.     Negligence**

To sustain a negligence claim, plaintiff must allege duty, breach of that duty, proximate cause, and damage. *County of Santa Clara v. Atlantic Richfield Co.*, 137 Cal. App. 4th 292, 318 (2006). Each element must be adequately pled. The allegations accompanying this cause of action have not changed since the Court dismissed Plaintiff's first case. And the Court denies this cause of action for the same reason it was denied the first time. Plaintiff states that defendant "breached [its] duty in that it failed to protect his information or otherwise failed to live up to its duty." (Compl. ¶ 20). This is a conclusory statement and is therefore insufficient to establish the "breach" element of a negligence cause of action. Instead, it is merely a "formulaic recitation of the element[] of a cause of action." *See Twombly*, 550 U.S. at 555. Accordingly, the Court need not discuss the other elements before finding that plaintiff has not sufficiently pled its negligence cause of action. The Court dismisses this cause of action without prejudice.

**II.    Fraud**

Plaintiff also asserts a claim for fraud. Fraud claims must be pled with particularity. Fed. R. Civ. P. 9(b); *Desaigoudar v. Meyercord,* 223 F.3d 1020, 1022–23 (9th Cir. 2000) (fraud must be pled "with a high degree of meticulousness"). Rule 9(b) requires plaintiffs to state the time,

place, and specific content of the false representations as well as the identities of the parties to the misrepresentations. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103, 1106 (9th Cir. 2003). Plaintiff does none of this. Instead, the complaint consists of only the elements of the claim and legal conclusions, with no facts or specific representations that Plaintiff contends are fraudulent. Accordingly, the Court dismisses this cause of action without prejudice.

### III. Breach of Fiduciary Duty

Plaintiff's last cause of action is a claim for breach of fiduciary duty. It too fails for not being properly plead. Plaintiff concludes, without any factual basis, that LendingTree "became agents for the Plaintiff and as such obtained fiduciary status." (Compl. ¶ 33.) Even assuming a fiduciary relationship existed, Plaintiff makes a naked assertion that "Defendants breached their fiduciary duties to Plaintiff." (*Id.* ¶ 37.) Such a conclusory statements are insufficient to establish a breach of fiduciary duty. Accordingly, the Court dismisses this cause of action without prejudice.

### CONCLUSION

For the reasons previously stated, the Court **GRANTS** Defendant's motion to dismiss **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

DATED: October 12, 2010

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge